# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**HOWARD MORELAND,**

      **Petitioner,**

vs.                                No. 97cv0812 JP/JHG

**PATRICIA MADRID, Attorney
General of the State New Mexico,**

      **Respondent.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Petitioner's (Moreland) Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, and Moreland's Motion for an Evidentiary Hearing, filed February 19, 1999. Moreland, currently in state custody, attacks the Judgment, Sentence, and Commitment imposed in the case styled *State of New Mexico v. Howard Lynn Moreland*, and numbered CR-91-038, CR-91-094, and CR-91-129, Twelfth Judicial District Court, County of Otero, State of New Mexico. The United States Magistrate Judge, having considered the arguments of counsel, pleadings, record proper, two expansions of the record proper, relevant law, and being otherwise fully informed, finds the Petition for a Writ of Habeas Corpus and the Motion for an Evidentiary Hearing should be DENIED.

On February 28, 1991, Moreland was indicted on three counts of aggravated battery, one count of misdemeanor battery, and one count of aggravated assault in case number 91-038. Record Proper for 91-38 (RP38) at 13. On April 28, 1991, Moreland was indicted on one count of bribery

of a witness in case number 91-94. Record Proper for 91-94 (RP94) at 1. On May 16, 1991, Moreland was indicted on one count of possession of a deadly weapon by a prisoner and one count of criminal solicitation to commit murder in case number 91-129. Record Proper for 91-129 (RP129) at 1.

On September 4, 1991, Moreland was convicted by jury verdict on all five counts charged in 91-38. RP38 at 82-86. On September 18, 1991, Moreland entered a no-contest plea to bribery of a witness in 91-94 and possession of a deadly weapon by a prisoner in 91-129, pursuant to a written plea agreement which provided, *inter alia*, for dismissal of the charge of criminal solicitation to commit murder in 91-129. On September 23, 1991, Moreland was sentenced to a total of eighteen and a half years incarceration RP 38 at 140. Moreland did not file a direct appeal.

On September 30, 1992, Moreland filed a state petition for a writ of habeas corpus, in which he asserted ineffective assistance of trial counsel, violation of his right to confront witnesses, and violation of his right to due process because his conviction was based on insufficient evidence. RP38 at 183. The trial court considered and summarily dismissed the petition. RP38 at 203. Moreland filed a petition for a writ of certiorari with the New Mexico Supreme Court which was summarily denied. Answer, Exhibits I and J.

On January 27, 1993, Moreland filed his first federal petition for a writ of habeas corpus, raising the same issues as those raised in his state habeas petition, as well as additional ones. This Court dismissed the first petition without prejudice as a mixed petition in order to allow Moreland the opportunity to exhaust his newly alleged claims.

On September 15, 1994, Moreland filed a second state petition for a writ of habeas corpus in which he raised his additional claims. Answer, Exhibit N. On September 16, 1994, the state district

court denied the petition as to all issues except Moreland's competency at the time he entered his plea. Answer, Exhibit O. The state court held an evidentiary hearing on the issue of whether Moreland was competent to enter his plea and whether the plea was knowing and voluntary. On April 6, 1995, the state district court entered an order, which included factual findings, denying the petition in its entirety. Answer, Exhibit T.

Moreland filed a notice of appeal on April 17, 1995. Answer, Exhibit U. On April 17, 1997, Moreland filed a motion to accept his petition for a writ of certiorari as timely filed. Answer, Exhibit V. The New Mexico Supreme Court granted this motion, and on the same day, Moreland filed a petition for a writ of certiorari with the Supreme Court of New Mexico. Answer, Exhibit W. The petition for a writ of certiorari was denied on April 28, 1997. Answer, Exhibit X.

Moreland filed the instant federal habeas corpus petition on June 13, 1997. Respondent conceded exhaustion. The undersigned has determined that not all of the issues raised in the petition have been briefed. The issues which have not been briefed are deemed abandoned.

The primary question in this case is whether the Antiterrorism and Effective Death Penalty Act (AEDPA) applies to this case. The AEDPA applies to all cases filed after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The instant petition was filed on June 13, 1997. As noted above, Moreland filed a prior petition on January 27, 1993, which was dismissed without prejudice as a mixed petition pursuant to *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Moreland herein contends the AEDPA does not apply to this case because the instant petition is a continuation of the prior petition.

It is true that a second federal habeas petition filed subsequent to the dismissal of a prior petition without prejudice for failure to exhaust state remedies is not a second or successive

3

application within the meaning of 28 U.S.C. § 2244(b)(1). *Tapia v. LeMaster*, 172 F.3d 1193, 1999 WL 203468 *2, to be reported at 172 F.3d 1193 (10th Cir. Mar. 26, 1999); *McWilliams v. State of Colorado,* 121 F.3d 573, 575 (10th Cir. 1997). However, the cases on which *McWilliams* relied indicate the courts did in fact apply the provisions of the AEDPA to the subsequently filed petitions. *See In re Gasery*, 116 F.3d 1051, 1052 (10th Cir. 1997); *Benton v. Washington*, 106 F.3d 162, 163 (7th Cir. 1996). At least one other federal district court has rejected an argument very similar to Moreland's. *Whaley v. Thompson,* 22 F. Supp.2d 1146 (D.Or.1998). Thus, while the instant petition is not a second or successive application within the meaning of § 2244, it is subject to the provisions of the AEDPA because it was filed after April 24, 1996. The AEDPA imposed a one year period of limitation to § 2254 proceedings. 28 U.S.C. § 2244(d). The petition, filed within one year of the New Mexico Supreme Court's order denying certiorari, is timely under the AEDPA.

Respondent argues the state courts' findings are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). The AEDPA increased the deference afforded the factual findings and legal determinations of state courts. *Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997). The AEDPA provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

28 U. S. C. § 2254(d)(1) and (2).

4

The AEDPA, unfortunately, provides no further illumination about the intended meaning of the terms and, as a result, there is a split among the circuits construing this section. Some circuits have held that AEDPA imposes a very high standard of deference. *See Sexton v. French*, 163 F.3d 874 (4th Cir. 1998); *Neelley v. Nagle*, 138 F.3d 917 (11th Cir. 1998), *cert. denied*, ____ U.S. ____, 119 S.Ct. 811, 142 L.Ed.2d 671 (1999); *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied*, ____ U.S. ____,117 S.Ct. 1114, 137 L.Ed.2d 315 (1997)(*overruling on other grounds recognized by United States v. Carter*, 117 F.3d 262, 264 (10th Cir. 1997)); *Green v. French*, 143 F.3d 865, 870 (4th Cir. 1998)*, cert. denied,* ____ U.S. ____, 119 S.Ct. 844, 142 L.Ed.2d 689 (1999). Other courts have held that the level of deference cannot be so high so as to interfere with the federal court's power to decide cases. *See O'Brien v. DuBois*, 145 F.3d 16 (1st Cir. 1998).

The Tenth Circuit has yet to interpret the amount of deference owed to state courts under § 2254(d)(1). *Rogers v. Gibson*, ____ F.3d ____, 1999 WL 203188, *10 (10th Cir. Apr. 12, 1999) However, the Tenth Circuit employed the standard set forth in *Sexton* in *Roberts v. Ward*, ____ F.3d ____ (table) 1999 WL 162751, * 13 (10th Cir. Mar. 25, 1999). Although this is an unpublished decision, the Court finds it appropriate to employ the same standard:

> [H]abeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable.

*Roberts v. Ward*, 1999 WL 162751 at *13; *Sexton v. French*, 163 F.3d at 880.

In Issue III, Moreland argues his due process rights were violated by a jury conviction based on insufficient evidence to support the verdict in CR-91-38. The first step of the §2254(d) analysis looks to the clearly established federal law as determined by the Supreme Court. The case on point is *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). On federal habeas

corpus review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. at 319, 99 S.Ct. at 2793, 61 L.Ed.2d 560 (1979). This court must view the evidence in the light most favorable to the prosecution and accept the jury's resolution of the evidence as long as it is within the bounds of reason." *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir.1993).

At trial, the seventeen-year-old victim testified that Moreland repeatedly assaulted and battered her with a knife and a fire poker while they lived together in Cloudcroft, New Mexico. She testified he cut her eyebrow while banging her head against a wall, burned her arm with a hot knife, and struck her on the head and thighs with a fire poker. Trial Tape 4 at 3.10-27.51. Two co-workers testified they observed her injuries and believed she was being abused, although they did not actually witness the events which gave rise to her injuries. Trial Tape 0.15-35.52. The prosecution submitted photographs of the victim's injuries. Moreland testified that the victim provoked the arguments, he hit her in self-defense, and some of her injuries were self-inflicted. Trial Tape 10 at 1.11-21.48.

On habeas corpus review, the federal district court may not weigh conflicting evidence or consider witness credibility. *Wingfield v. Massie*, 122 F.3d 1329, 1332 (10th Cir. 1997), *cert. denied*, ____ U.S.____, 118 S.Ct.1187, ____ L.Ed.2d ____ (1998). In this case, there was ample evidence to support the verdict. A review of the record in this case verifies the requirements of *Jackson* have been satisfied with respect to each and every element of the offenses of which Moreland was convicted. In fact, the evidence clearly supports his convictions. Moreland's sufficiency of the evidence argument is wholly without merit.

Alternatively, Moreland has failed to overcome the presumption of correctness of 28 U.S.C.

§ 2254(d) with respect to this issue. The state district court, in considering his first state habeas petition, determined Moreland's convictions were supported by substantial evidence. Answer, Exhibit M. The decision of the state court did not resolve the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable. *Sexton v. French*, 163 F.3d at 880. Thus, Moreland is not entitled to habeas corpus relief on his claim the evidence was insufficient to support his conviction.

In Issue IV, Moreland contends his Sixth Amendment right to confront witnesses against him was violated when the trial court prohibited him from impeaching the victim with evidence of past sexual misconduct. The Sixth Amendment guarantees a criminal defendant the right to confront witnesses against him. *Davis v. Alaska*, 415 U.S. 308 , 94 S.Ct.1105, 39 L.Ed.2d 347 (1974). While defense counsel should be allowed wide latitude when exploring witness credibility, *Davis*, 415 U.S. at 318., the trial court may impose reasonable limits on cross-examination based on concerns about, *inter alia*, harassment, prejudice, confusion of the issues, the witness' safety or questioning which is repetitive or marginally relevant. *Delaware v. Van Arsdall*, 475 U.S. 673, 681, 106 S.Ct.1431, 1436, 89 L.Ed.2d 674 (1986).

Specifically, a petitioner establishes a violation of the Confrontation Clause by showing he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness from which jurors could appropriately draw inferences relating to the reliability of the witness. *Van Arsdall*, 475 U.S. at 681. In this case, the victim testified that Moreland became angry with her for "stupid" reasons. On cross-examination, Moreland wished to impeach this statement by questioning her about her infidelity to "offer a rational explanation for his allegedly angry and violent acts." Petitioner's Memorandum Brief at 17. In other words, Moreland

7

wished to show his reasons for beating her were not "stupid," but rather were justified because she was sexually involved with another man. This line of questioning was neither appropriate nor relevant. Under the circumstances, Moreland was not was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness from which jurors could appropriately draw inferences relating to the reliability of the witness.

Assuming for the sake of argument, Moreland's assertion is correct and that there was error, the effect of such exclusion is subject to the harmless error analysis. *Van Arsdall*, 475 U.S. at 681, 106 S.Ct. at 1436. The harmless error analysis asks "considering the record as a whole, [whether] the error had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 627, 113 S.Ct. 1710, 1716, 123 L.Ed.2d 353 (1993)(quoting, and adopting, standard set forth in *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)).

Here, overwhelming evidence was submitted at trial concerning Moreland's guilt. Although the jury found the victim to be more credible than Moreland, her testimony was not the only basis for conviction. Testimony of other witnesses, including Moreland, as well as the physical evidence clearly established his culpability. In sum, the undersigned finds that error, if any, in the effect of the limiting cross-examination of the victim concerning her sexual conduct was harmless and that it did not substantially influence or taint the jury's verdict.

Moreover, Moreland has failed to overcome the presumption of correctness of 28 U.S.C. § 2254(d) with respect to this issue. The state district court determined Moreland had failed to demonstrate a constitutional deprivation. The state court did not resolve the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable.

8

*Sexton v. French*, 163 F.3d at 880. Thus, Moreland is not entitled to habeas relief on his claim that his Sixth Amendment right to confront witnesses against him was violated when the trial court prohibited him from impeaching the victim with evidence of past sexual misconduct. 28 U.S.C. § 2254(d).

In Issue V, Moreland claims his rights to due process and a fair trial were violated when the trial court admitted evidence of his uncharged misconduct in the form of evidence of his prior beatings of the victim. A state court's evidentiary rulings present cognizable habeas claims only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair in violation of due process. *Alderman v. Zant*, 22 F.3d 1541, 1555 (11th Cir.), *cert. denied*, 513 U.S. 1061, 115 S.Ct. 673, 130 L.Ed 2d 606 (1994). Moreland does not identify any specific constitutional right. Instead he claims admission of the evidence violated his due process rights. However, the Due Process Clause does not permit a federal court to engage in a finely tuned review of the wisdom of state evidentiary rules. *Marshall v. Lonberger*, 459 U.S. 422, 438 n.6, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983). In this case, the state court found the evidence was properly admitted under SCRA 11-404(B) to show a pattern in Moreland's abuse of the victim. Admission of the evidence of the prior beatings did not violate Moreland's due process rights. Thus, this claim is without merit.

Assuming for the sake of argument, Moreland's assertion is correct and that there was error, the effect of such exclusion is subject to the harmless error analysis. *Van Arsdall*, 475 U.S. at 681, 106 S.Ct. at 1436. The harmless error analysis asks "considering the record as a whole, [whether] the error had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 627, 113 S.Ct. 1710, 1716, 123 L.Ed.2d 353 (1993)(quoting, and adopting, standard set forth in *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253,

9

90 L.Ed. 1557 (1946)). In light of the sheer magnitude of the evidence submitted at trial of Moreland's guilt, the undersigned finds that error, if any, in the admission of the evidence of the victim's prior beatings was harmless and that it did not substantially influence or taint the jury's verdict.

Moreover, Moreland has failed to overcome the presumption of correctness of 28 U.S.C. § 2254(d) with respect to this issue. The state district court determined Moreland had failed to demonstrate a constitutional deprivation. The state court did not resolve the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable. *Sexton v. French*, 163 F.3d at 880. Thus, Moreland is not entitled to habeas relief on his claim that his due process rights and right to a fair trial were violated by the admission of evidence of his prior beatings of the victim. 28 U.S.C. § 2254(d).

In Issue VI, Moreland claims his no-contest plea to bribery of a witness and possession of a deadly weapon by a prisoner was neither voluntary nor constitutionally sound. The state district court held an evidentiary hearing on this issue in the context of Moreland's second state habeas corpus petition. The state district court found Moreland was competent when he entered an knowing, intelligent and voluntary plea. Answer, Exhibit T. The state court did not resolve the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable. *Sexton v. French*, 163 F.3d at 880. Thus, Moreland is not entitled to habeas relief on his claim that his no-contest plea to bribery of a witness and possession of a deadly weapon by a prisoner was neither voluntary nor constitutionally sound.

In his Motion for an Evidentiary Hearing, filed February 19, 1999, Moreland requests an evidentiary hearing on his remaining three issues of prosecutorial misconduct (Issue I), judicial bias

(Issue II), and ineffective assistance of counsel (Issue VII). Under the AEDPA, when evaluating a request for an evidentiary hearing in federal court, the initial question is whether the petitioner failed to develop the factual basis of a claim in state court. *Miller v. Champion*, 161 F.3d 1249, 1253 (10th Cir. 1998) (citing *Cardwell v. Green*, 152 F.3d 331, 337 (4th Cir. 1998)).

In this case, Moreland received a state court evidentiary hearing on the issue of whether he was competent to enter his plea and whether the plea was knowing and voluntary. However, Moreland requested an evidentiary hearing on all the issues raised in the petition. The state court summarily dismissed the balance of the petition. In cases where a habeas petitioner has diligently sought to develop the factual basis underlying his claim, but the state court has prevented him from doing so, 28 U.S.C. § 2254(e)(2) does not apply. *Miller v. Champion*, 161 F.3d at 1253. The undersigned finds Moreland diligently sought to develop the record but was prevented from doing so. Under these circumstances, pre-AEDPA law applies. *Id.* Under the pre-AEDPA standard, Moreland is entitled to an evidentiary hearing if he alleges facts which, if proven, would entitle him to relief. *Id.*

In Issue II, Moreland contends his due process rights were violated by the trial judge's refusal to recuse himself upon obtaining information that caused him to believe he was the target of Moreland's alleged solicitation to commit murder in case 91-129. While this charge was dismissed, it was part of the basis for the plea bargain. Moreland's claim of judicial bias is wholly without foundation in the record.

At the plea hearing, the prosecutor stated that the intended target of the alleged solicitation was the victim in 91-38. Tape of Plea Hearing of September 17, 1991. On March 9, 1999, Respondent filed the Affidavit of the Honorable Robert M. Doughty II, District Judge, Twelfth

Judicial District, State of New Mexico. Judge Doughty avers that at no time did he ever believe that Moreland solicited his murder. The first time Judge Doughty became aware of any such allegation was when Moreland alleged it in his second habeas corpus petition filed September 15, 1994, three years after sentencing.

The record as well as Judge Doughty's affidavit establish that Moreland's claim that his due process rights were violated by Judge Doughty's refusal to recuse himself upon obtaining information that caused him to believe he was the target of Moreland's alleged solicitation to commit murder should be dismissed as an unsupported conclusory allegation. Consequently Moreland is not entitled to an evidentiary hearing on this issue.

In Issue I, Moreland argues his right to due process was violated by the prosecutor's use of perjured testimony to secure an indictment charging him with solicitation to commit murder. A prosecutor's deliberate introduction of perjured testimony to secure an indictment mandates dismissal of the indictment. *United States v. Hogan*, 712 F.2d 757 (2d Cir.1983). Such an extraordinary claim might qualify for the potential exception to the harmless error standard discussed in *Brecht v. Abrahamson*, 507 U.S. at 638 n.9. *Hassine v. Zimmerman*, 160 F.3d 941, 960 (3rd Cir. 1998)(discussing the "Footnote Nine" exception). The Footnote Nine exception does not foreclose the possibility that an unusual case may present an error which would constitute a deliberate and especially egregious error which would have so infected the integrity of the proceedings to warrant habeas relief, even if the error did not influence the outcome. *Brecht v. Abrahamson*, 507 U.S. at 638 n.9.

The charge of solicitation to commit murder was dismissed pursuant to the plea bargain. The plea was found to be knowing and voluntary With respect to the claim of prosecutorial misconduct,

Moreland has failed to alleged facts which, if proven, would entitle him to relief. Therefore, a federal evidentiary hearing is not required on this issue.

In Issue VII, Moreland also argues defense counsel was ineffective because she failed to present exculpatory evidence with respect to the charges subject to the plea agreement, coerced him into accepting the plea, failed to investigate and present evidence regarding his mental health, failed to conduct an adequate pretrial investigation and failed to effectively present his defense, and failed to seek recusal of the trial judge who believed himself to be the target of the criminal solicitation charge.

The first step of the §2254(d) analysis looks to the clearly established federal law as determined by the Supreme Court. The case governing ineffective assistance of counsel claims is *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, a petitioner who claims ineffective assistance of counsel must show his attorney's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. at 690, 104 S.Ct. at 2066, 80 L.Ed.2d 674. The petitioner has the burden of establishing both elements of *Strickland*.

Moreland claims defense counsel failed to properly investigate his mental health. "Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In an ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's performance.'" *Miles v. Dorsey*, 61 F.3d 1459, 1475 (10th Cir. 1995) (citing *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066). Under the circumstances of this case, counsel's

investigation of these areas was reasonable. Moreover, Moreland has failed to demonstrate he was prejudiced.

The trial court, in ruling on Moreland's state habeas corpus petitions found that his convictions and pleas were proper. Moreland has failed to overcome the presumption of correctness of 28 U.S.C. § 2254(d) with respect to this issue. The state courts did not resolve the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable. *Sexton v. French*, 163 F.3d at 880. Thus, Moreland is not entitled to habeas corpus relief on his ineffective assistance of counsel claims.

## RECOMMENDED DISPOSITION

The Petition for a Writ of Habeas Corpus, brought by a person in state custody pursuant to 28 U.S.C. § 2254, and Motion for an Evidentiary Hearing should be DENIED.

_____
**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

Within ten days after a party is served with a copy of these amended proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such amended proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the amended proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.